JOSEY et al. v. MARYLAND CASUALTY CO.

No. 10971.

Court of Civil Appeals of Texas. San Antonio.

June 11, 1941.

Rehearing Denied July 9, 1941.

G. Woodson Morris, of San Antonio, for appellants.

R. H. Mercer, of San Antonio, for appellee.

SMITH, Chief Justice.

This is a Workmen's Compensation case in which Minnie Josey, the employee, claims compensation for an alleged accidental injury sustained in the course of her employment. Maryland Casualty Company was the insurance carrier. Trial by jury ended in a judgment denying compensation to the employee, who has appealed. For convenience, the employee will be designated herein as plaintiff and the insurance carrier as defendant.

█ Plaintiff was employed in a clothing manufactory, as she had been for some time prior to the alleged accident. She claims that while working with her fingers, on "hard, rough, coarse" cloth the skin of the tips of her fingers was broken by the rough texture and became infected with poisonous dyes in the cloth, which impregnated her whole system, resulting in her permanent total disability. This specific issue was submitted to the jury, who thereupon found that plaintiff did not sustain the claimed injury. Plaintiff has not assigned error on that finding, which stands unchallenged upon this appeal and requires affirmance, unless, indeed, it was destroyed by another finding in irreconcilable conflict therewith, as contended by plaintiff.

█ The case was submitted to the jury upon twenty-three special issues. In answer to special issue one the jury found that plaintiff did not sustain the alleged injury to her fingers; in answer to issue nine they found that if she was entitled to compensation it should be paid in a lump sum. The remaining issues, except issue twenty-three, were conditioned upon an affirmative answer to issue one, and upon a negative answer to that issue those remaining were ignored by the jury. Issue twenty-three and the jury's answer were as follows:

"Question No. 23: Do you find from a preponderance of the evidence that Minnie Josey's condition, if any, was not due solely to a cause other than accidental injury?

"You will answer this question by stating:

" 'Her condition was not due solely to a cause other than accidental injury,'

or

" 'Her condition was due solely to a cause other than accidental injury.'

"We, the jury, answer: Her condition was not due solely to a cause other than accidental injury."

Now, plaintiff contends that the answers of the jury to special issues one and twenty-three are in irreconcilable conflict, and, being destructive of each other, the trial judge should have declared a mistrial.

Defendant contested plaintiff's claim upon the ground, in effect, that if she has suffered disability the same resulted, not from the claimed injury but from injury caused a few months later by her eating poisoned canned spinach. Under the trial court's definition of accidental injury the jury could have found that plaintiff's disability was caused or contributed to by the alleged injury to her fingers, or by the alleged spinach episode. The latter issue was not submitted, whereas, the former was submitted and resolved against plaintiff by the jury in answer to special issue one, as stated.

The specific point made by plaintiff is that the jury's answer to issue one, that plaintiff did not receive the claimed injury to her fingers, is in irreconcilable conflict with the answer to issue twenty-three, that her "condition was not due solely to a cause other than accidental injury." We overrule this contention.

If in answer to issue twenty-three the jury had found that plaintiff's condition was "not due solely to a cause other than her claimed accidental injury to her fingers," it might be, although it is not necessary to here hold, that such finding would have been in irreconcilable conflict with the finding, in answer to issue one, that plaintiff did not sustain an injury to her fingers. But such are not the findings, for the answer to issue twenty-three related merely to an "accidental injury," which could have meant the alleged injury caused by eating poisoned spinach, as alleged by defendant, and not by the claimed injury to plaintiff's fingers, which the jury specifically found did not occur. In short, it is only by a strained construction of the jury's answer to issue twenty-three that the trial court or this Court could declare a conflict. It is elemental that the courts may not resort to strained construction for such a purpose. Their duty is to reconcile, if that can be reasonably effected, rather than strain for obstacles between jury findings. 41 Tex.Jur. p. 243; Speer's Special Issues, § 432; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139. We overrule plaintiff's first proposition.

The judgment is affirmed.